UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SPENCER NEAL, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | **<u>CIVIL RIGHTS</u>** |
| | ) | |
| vs. | ) | **<u>COMPLAINT FOR INJUNCTIVE</u>** |
| | ) | **<u>RELIEF AND DAMAGES:</u>** |
| WESTON PROPERTY INVESTMENTS | ) | |
| II, LTD, | ) | **<u>1ST CAUSE OF ACTION:</u>** For Denial of |
| | ) | Access by a Public Accommodation in |
| Defendant. | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq*. |
| | ) | |

Plaintiff SPENCER NEAL Complains of Defendant WESTON PROPERTY

INVESTMENTS II, LTD, and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical

disabilities, of which plaintiff NEAL is a member of, for failure to remove architectural barriers

structural in nature at Defendant's property, a place of public accommodation, thereby

discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to

participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

NEAL seeks injunctive relief pursuant to the Americans with Disability Act of 1990 ("title III"

AND "ADA"), *et sec.*

2.      NEAL is a person with physical disabilities who, on or about November 26, 2019,

was an invitee, guest, patron, or customer at Defendant's property, which houses a parking lot,

located at 1292 W 3rd St. in the City of Cleveland, Ohio. At said time and place, Defendant

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

failed to provide proper legal access to the property, which is a public accommodation and/or

public facility. The denial of access was in violation of federal legal requirements, and NEAL

suffered violations of his civil rights to full and equal access and was embarrassed and

humiliated.

**JURISDICTION AND VENUE:**

3.      **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C.

§1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4.      **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

founded on the facts that the real property which is the subject of this action is located in this

district, in the City of Cleveland, County of Cuyahoga, State of Ohio and that NEAL's causes of

action arose in this district.

**PARTIES:**

5.      NEAL is a "physically handicapped person," a "physically disabled person," and

a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically

handicapped" and "person with physical disabilities" are used interchangeably, as these words

have similar or identical common usage and legal meaning.) NEAL is a "person with physical

disabilities," as defined by all applicable United States laws. NEAL requires the use of a

wheelchair to travel about in public. Consequently, NEAL is a member of that portion of the

public whose rights are protected.

6.   Defendant WESTON PROPERTY INVESTMENT II, LTD, an Ohio Limited

Liability Company (alternatively referred to as "Defendant"), is the owner and operator, lessor

and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which

constitute a public facility in and of itself, occupied by a parking lot, a public accommodation, located at/near 1292 W 3rd St. in Cleveland, Ohio, and subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.   At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject parking lot as a public facility at/near 1292 W 3rd St., Cleveland, Ohio. The business, a parking lot, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of Title III of the Americans with Disability Act. NEAL does not know the relative responsibilities of the Defendant in the operation of the facilities herein complained of and will amend this Complaint if there exists a joint venture and/or common enterprise by any other presently unknown Defendants.

8.   At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject parking lot, a public accommodation located at/near 1292 W 3rd St., Cleveland, Ohio. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

**§ 36.201      General**

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.   NEAL does not know the true names of Defendant, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. NEAL is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other Defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other Defendants, if any, and is responsible in some manner for the acts and omissions of the other Defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. NEAL may seek leave to amend when the true names, capacities, connections, and responsibilities of Defendant are ascertained.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates a parking lot, located at/near 1292 W 3rd St., Cleveland, Ohio. The parking lot and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* On information and belief, said facility has undergone "alterations,

structural repairs and additions," each of which has subjected the parking lot to handicapped access requirements.

11. NEAL is a person with a disability. NEAL is a "physically disabled person," as defined by all applicable United States laws. NEAL is paralyzed as a result of spina bifida and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out its parking lot as being handicapped accessible and handicapped usable.

13. On or about November 26, 2019, NEAL was an invitee and guest at the subject parking lot, arriving for purposes of parking.

14. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, NEAL personally encountered architectural barriers which denied him the full and equal access to the property.

15. Therefore, at said time and place, NEAL, a person with a disability, encountered the following inaccessible elements of the subject parking lot which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. By way of example and not as an exhaustive inventory of Defendant's violations, the following barriers to access were personally encountered by NEAL:

      a.   The lot lacks six compliant accessible parking spaces, access aisles, and signage in violation of 2010 ADAS Section 208.2.;

      b.   There are no van accessible parking stalls in violation of 2010 ADAS Section 208.2 and 208.2.4; and

      c.   The walkways contain abrupt vertical edges and/or variations over a ¼ inch in violation of 2010 ADAS Sections 303.3 and 303.2.

16. The discriminatory violations described in ¶ 15 are not an exclusive list of the Defendant's violations. NEAL requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

17. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("title III" and "ADA"), 42. U.S.C. §§ 12181 *et seq.*, either then, now or in the future.

18. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to NEAL and other persons with disabilities, NEAL suffered damages as alleged herein.

19. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, NEAL was denied his civil rights to full and equal access to public facilities. NEAL suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from injury, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6

20. NEAL is "physically handicapped," "physically disabled," or a "person with physical disabilities" who was denied his rights to equal access to a public facility by Defendant. Defendant maintained a public establishment without access for persons with physical disabilities as stated herein, and continues as of the date of filing this complaint to deny equal access to NEAL and other persons with physical disabilities in these and other ways.

21. On information and belief, construction alterations carried out by Defendant have triggered access requirements under the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

22. NEAL, as described herein below, seeks injunctive relief to require Defendant's parking lot to be made accessible to meet the requirements of the Americans with Disabilities Act, so long as Defendant operates and/or leases the parking lot as a public facility.

23. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

24. Because of Defendant's violations, NEAL and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. NEAL seeks an order from this court compelling Defendant to make its parking lot accessible to persons with disabilities.

25. NEAL is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and maintained in such a manner that persons with

physical disabilities were denied full and equal access to, within and throughout said facility of its parking lot and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as NEAL and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*

26. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the parking lot was in violation of the civil rights of persons with physical disabilities, such as NEAL, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of NEAL and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

27. NEAL will return to the subject parking lot to patronize its parking, if the lot is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the lot's services. Furthermore, NEAL intends to return to the parking lot as an ADA tester annually, beginning in 2020, in order to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

I.  **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq*.)**

28. NEAL pleads and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 27 of this complaint.

29. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

30. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 9

clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

31.     As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ***
>
> (E) *** other sales or rental establishment;
>
> (F) *** other service establishment;
>
> (G) a terminal, depot, or other station used for specified public transportation.
>
> 42 U.S.C. §12181(7)(E)(F)(G).

32.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

33.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10

that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of Defendant set forth herein were a violation of NEAL's rights under the ADA, 42.

U.S.C. §§ 12181 *et seq.*

34.     The removal of the barriers complained of by NEAL as hereinabove alleged

was at all times after January 26, 1992 "readily achievable" as to the subject parking lot pursuant

to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11

barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

35.     Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. NEAL alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

36.     On information and belief, construction work on, and modifications of, the subject parking lot occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

37.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, NEAL is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. NEAL cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's

policies bar full and equal use by persons with physical disabilities.

38.     Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person

with a disability to engage in a futile gesture if such person has actual notice that a person or

organization covered by this title does not intend to comply with its provisions." Pursuant to this

last section, NEAL has not returned to Defendant's premises since on or about November 26,

2019, but on information and belief, alleges that Defendant has continued to violate the law and

deny the rights of plaintiff and of other persons with physical disabilities to access this public

accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . .

injunctive relief shall include an order to alter facilities to make such facilities readily accessible

to and usable by individuals with disabilities to the extent required by this title."

39.     NEAL seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

the Americans with Disabilities Act of 1990, including but not limited to an order granting

injunctive relief and attorneys' fees. NEAL will seek attorneys' fees conditioned upon being

deemed to be the prevailing party.

Wherefore, plaintiff prays for relief as hereinafter stated.

**PRAYER:**

Wherefore, NEAL prays that this court grant relief and damages as follows:

**I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.      For injunctive relief, compelling Defendant to make its parking lot, readily

accessible to and usable by individuals with disabilities; and to make reasonable modifications in

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 13

policies, practice, eligibility criteria and procedures so as to afford full access to the goods,

services, facilities, privileges, advantages and accommodations being offered.

2.       For attorneys' fees, litigation expenses and costs of suit, if NEAL is deemed

the prevailing party; and

3.       For such other and further relief as the court may deem proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Franklin Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com
cg@bmblaw.com

Attorney for Plaintiff SPENCER NEAL